**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lani and Amanda Johnson, Respondents/Appellants,

v.

Shianne Leigh Jarrett and Derek Deas, Defendants,

Of whom Shianne Leigh Jarrett is the Appellant/Respondent.

Appellate Case No. 2021-000966

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

Unpublished Opinion No. 2022-UP-324
Submitted July 26, 2022 – Filed August 3, 2022

**AFFIRMED**

Heather Vry Scalzo, of Offit Kurman, of Spartanburg, for Appellant/Respondent Shianne Leigh Jarrett.

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Respondents/Appellants Lani and Amanda Johnson.

Jonathan Drew Hammond, of Greenville, as the Guardian ad Litem.

**PER CURIAM:**  Shianne Leigh Jarrett (Mother) and Lani and Amanda Johnson (the Johnsons) cross appeal a family court order terminating Mother's parental rights to her minor child (Child).  Mother argues the family court erred in finding (1) she willfully failed to support Child and (2) termination of parental rights (TPR) was in Child's best interest.  The Johnsons argue the family court erred in finding they did not show Mother (1) willfully failed to visit Child or (2) failed to remedy the conditions that caused Child's removal.  We affirm.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo."  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interests.  S.C. Code Ann. § 63-7-2570 (Supp. 2021).  The grounds "must be proved by clear and convincing evidence."  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence showed Mother willfully failed to support Child.  *See* § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* (explaining "[f]ailure to support means that the parent has failed to make a material contribution to the child's care"); *id.* ("A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means.").  Mother admitted that from November 2017 to March 2019, she provided no monetary support for Child, and she gave no testimony indicating she was unable to work during that time.  Mother also agreed with testimony by Lani Johnson, Child's custodian, that within six months of Child's removal, Mother gave Child clothing on one occasion and provided some baby food, "a toy or two," and "a pack of diapers here and there."  We find these items did not constitute a material contribution.  *See S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011) ("Although mother had no independent source of

income, occasionally providing child with food, drinks, medicine, diapers, wipes, and toys would not be considered a material contribution.").  Thus, we find clear and convincing evidence supports this TPR ground.

We also find TPR is in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  Child was removed from Mother's care in November 2017, when she was six months old, and placed with the Johnsons; by the time of the July 2021 TPR hearing, Child had lived with the Johnsons for almost four years.  By Mother's own admission, she was not ready to care for Child until approximately two months before the TPR hearing—three and a half years after Child was removed from her care.  Moreover, the guardian ad litem testified that although Mother had recently made significant improvements, he believed TPR was in Child's best interest due to the length of time Child had been living with the Johnsons and Child's deep bond with them.  Thus, we find TPR is in Child's best interest.[1]

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] Although the Johnsons argue the family court erred in finding they failed to prove two other statutory grounds for TPR, because we find clear and convincing evidence showed Mother willfully failed to support Child and TPR was in Child's best interest, we decline to address the these grounds.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.